IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMERCE AND INDUSTRY INSURANCE COMPANY, Plaintiff, | : | Docket No. |
| v. | : | |
| AUTO PARTS XPRESS, LLC, PARTS DISTRIBUTION XPRESS, INC., PDX NORTH, INC. AND PDX SOUTH, INC. Defendant | : | |

**COMPLAINT**

Plaintiff, Commerce and Industry Insurance Company, by its attorneys, Fitzpatrick Lentz & Bubba, P.C., files the instant Complaint against the Defendants, Auto Parts Xpress, LLC, Parts Distribution Xpress, Inc., PDX North, Inc. and PDX South, Inc., and, in support thereof, avers as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction is conferred by 28 U.S.C. § 1332, the diversity statute, as the amount in controversy exceeds $75,000 and is between citizens of different states.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a) since this is a civil action wherein jurisdiction is based solely on diversity of citizenship and the defendants reside within the district.

**PARTIES**

3. Plaintiff, Commerce and Industry Insurance Company, is a New York corporation with an office at 175 Water Street, 18th Floor, New York, New York, 10038.

4. Defendant, Auto Parts Xpress, LLC, is, upon information and belief, a Pennsylvania limited liability company, with a business address of 223 South Governor Printz Boulevard, Essington, Pennsylvania, 19029.

5. Defendant, Parts Distribution Xpress, Inc., is, upon information and belief, a Pennsylvania corporation, with a business address of 223 South Governor Printz Boulevard, Essington, Pennsylvania, 19029.

6. Defendant, PDX North, Inc., is, upon information and belief, a Pennsylvania corporation, with a business address of 223 South Governor Printz Boulevard, Essington, Pennsylvania, 19029.

7. Defendant, PDX South, Inc., is, upon information and belief, a Pennsylvania corporation, with a business address of 223 South Governor Printz Boulevard, Essington, Pennsylvania, 19029.

**COUNT I**

8. Plaintiff incorporates by reference Paragraphs 1-7 above as if fully set forth herein.

9. During the period April 1, 2011 through April 1, 2012, Commerce and Industry Insurance Company provided workers compensation and employer liability insurance to Parts Distribution Xpress, Inc., PDX North, Inc., and PDX South, Inc. pursuant to a policy of insurance (Policy No. WC 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) (the "2011/2012 Policy"). A true and correct copy of the 2011/2012 Policy is attached hereto as Exhibit A and is incorporated herein by reference. Hereinafter, Parts Distribution Xpress, Inc., PDX North, Inc., and PDX South, Inc. are referred to collectively as the "2011/2012 Insureds."

10. At all times relevant hereto, and in accordance with the terms of the 2011/2012 Policy, the 2011/2012 Insureds agreed to be responsible for the premium due under the policy and to pay timely the amount due.

11. According to the terms of the 2011/2012 Policy, the premium basis for the policy will include remuneration for all persons engaged in work that could make Commerce and Industry Insurance Company liable under the policy.

12. Further, the 2011/2012 Policy provides that the final premium will be determined after the 2011/2012 Policy ends by using the actual, not estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by the policy.

13. The 2011/2012 Policy provides that, if the final premium is more than the premium that the 2011/2012 Insureds paid to Commerce and Industry Insurance Company, the 2011/2012 Insureds are required to pay Commerce and Industry Insurance Company the balance. If the final premium is less than the premium paid by the 2011/2012 Insureds, Commerce and Industry Insurance Company is required to refund the balance to the 2011/2012 Insureds.

14. In order to determine the final premium, the 2011/2012 Insureds contractually bound themselves to allow Commerce and Industry Insurance Company to examine and audit their records that relate to the 2011/2012 Policy and to cooperate with Commerce and Industry Insurance Company's efforts to conduct the audit.

15. In accordance with the 2011/2012 Policy, Commerce and Industry Insurance Company conducted an audit of 2011/2012 Insureds' records relating to the 2011/2012 Policy. A true and correct copy of the Audit Worksheets for the 2011/2012 Policy is attached hereto as Exhibit B and is incorporated herein by reference.

16. Based on the audit, Commerce and Industry Insurance Company determined the final premium for the 2011/2012 Policy to be $763,119. A true and correct copy of the audit advice setting forth the basis for the premium due under the 2011/2012 Policy is attached hereto as Exhibit C and is incorporated herein by reference.

17. At the time the final premium was calculated, the 2011/2012 Insureds had paid a total of $60,716 to Commerce and Industry Insurance Company. In other words, the amount that the 2011/2012 Insureds paid to Commerce and Industry Insurance Company was less than the final premium. A true and correct copy of a Statement of Account showing the payments made by 2011/2012 Insureds towards the 2011/2012 Policy is attached hereto as Exhibit D and is incorporated herein by reference.

18. In accordance with the terms of the 2011/2012 Policy, as described in Paragraph 13 herein, the 2011/2012 Insureds owe Commerce and Industry Insurance Company the difference between the final premium and the amount of premium they paid to date towards the policy.

19. Accordingly, on or about June 4, 2013, Commerce and Industry Insurance Company issued an invoice to the 2011/2012 Insureds in the amount of $702,503 (the final premium amount minus the amount paid to date plus $100 in fees) stating that the outstanding premium is due on or before July 4, 2013. A true and correct copy of the Invoice is attached hereto as Exhibit E and is incorporated herein by reference.

20. Thereafter, the 2011/2012 final premium was recalculated to reflect an adjusted date for New York. This revision resulted in an additional premium of $45, leaving a current balance due of $702,548. A true and correct copy of the revised audit advice is attached hereto as Exhibit F and is incorporated herein by reference.

21. The 2011/2012 Insureds disputed the final premium on the grounds that the premium basis includes individuals that the 2011/2012 Insureds claim are independent contractors for workers compensation purposes.

22. Commerce and Industry Insurance Company reviewed the 2011/2012 Insureds' dispute to the audit and determined that the individuals in question could not be excluded from the premium basis as independent contractors because a number of individuals in the same job classification had been treated as employees by workers compensation courts in connection with workers compensation claims made under various policies, including the 2011/2012 Policy. As such, these individuals fall within the class of individuals who could make Commerce and Industry Insurance Company liable under the 2011/2012 Policy and, per the policy language, are properly included in the premium basis.

23. At all times, Commerce and Industry Insurance Company fully performed all of its obligations under the 2011/2012 Policy.

24. Despite repeated demands for payment, the 2011/2012 Insureds have failed and refused, and continue to fail and refuse, to pay the outstanding balance due under the 2011/2012 Policy in the amount of $702,548.

WHEREFORE, with respect to Count I, Plaintiff, Commerce and Industry Insurance Company, demands judgment in its favor, jointly and severally, against the Defendants, Parts Distribution Xpress, Inc., PDX North, Inc., and PDX South, Inc., in the amount of $702,548, together with prejudgment interest from July 4, 2013 and its costs of suit.

**COUNT II**

25. Plaintiff incorporates by reference Paragraphs 1-24 above as if fully set forth herein.

26. During the period April 28, 2012 through April 28, 2013, Commerce and Industry Insurance Company provided workers compensation and employer liability insurance to Auto Parts Xpress, LLC, Parts Distribution Xpress, Inc., PDX North, Inc., and PDX South, Inc. pursuant to a policy of insurance (Policy No. WC 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) (the "2012/2013 Policy"). A true and correct copy of the 2012/2013 Policy is attached hereto as Exhibit G and is incorporated herein by reference. Hereinafter, Auto Parts Xpress, LLC, Parts Distribution Xpress, Inc., PDX North, Inc., and PDS South, Inc. are jointly referred to as the "2012/2013 Insureds."

27. At all times relevant hereto, and in accordance with the terms of the 2012/2013 Policy, the 2012/2013 Insureds agreed to be responsible for the premium due under the policy and to pay timely the amount due.

28. According to the terms of the 2012/2013 Policy, the premium basis for the policy will include remuneration for all persons engaged in work that could make Commerce and Industry Insurance Company liable under the policy.

29. The 2012/2013 Policy provides that the final premium will be determined after the 2012/2013 Policy ends by using the actual, not estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by the policy.

30. Further, the 2012/2013 Policy provides that, if the final premium is more than the premium that the 2012/2013 Insureds paid to Commerce and Industry Insurance Company, the 2012/2013 Insureds are required to pay Commerce and Industry Insurance Company the balance. If the final premium is less than the premium paid by the 2012/2013 Insureds, Commerce and Industry Insurance Company is required to refund the balance to the 2012/2013 Insureds

31. In order to determine the final premium, the 2012/2013 Insureds contractually bound themselves to allow Commerce and Industry Insurance Company to examine and audit

their records that relate to the 2012/2013 Policy and to cooperate with Commerce and Industry Insurance Company's efforts to conduct the audit.

32. In accordance with the 2012/2013 Policy, Commerce and Industry Insurance Company conducted an audit of the 2012/2013 Insureds' records relating to the 2012/2013 Policy. A true and correct copy of the Auditor's Worksheets are attached hereto as Exhibit H and are incorporated herein by reference.

33. Based on the audit, Commerce and Industry Insurance Company determined the final premium for the 2012/2013 Policy to be $1,010,946. A true and correct copy of the audit advice setting forth the basis for the premium due under the 2012/2013 Policy is attached hereto as Exhibit I and is incorporated herein by reference.

34. At the time the final premium was calculated, the 2012/2013 Insureds had paid a total of $518,311 to Commerce and Industry Insurance Company. In other words, the amount that the 2012/2013 Insureds paid to Commerce and Industry Insurance Company was less than the final premium. A true and correct copy of a Statement of Account showing the payments made by 2012/2013 Insureds towards the 2012/2013 Policy is attached hereto as Exhibit J and is incorporated herein by reference.

35. In accordance with the terms of the 2012/2013 Policy, as described in Paragraph 30 herein, the 2012/2013 Insureds owe Commerce and Industry Insurance Company the difference between the final premium and the amount of premium they paid to date towards the policy.

36. Accordingly, on or about October 11, 2013, Commerce and Industry Insurance Company issued an invoice to the 2012/2013 Insureds in the amount of $492,845 (the final premium amount minus the amount paid to date plus $210 in fees) stating that the outstanding

premium is due on or before November 10, 2013. A true and correct copy of the Invoice is attached hereto as Exhibit K and is incorporated herein by reference.

37. Thereafter, $10 in fees was written off the final premium leaving a current balance due of $492,835.

38. The 2012/2013 Insureds disputed the final premium on the grounds that the premium basis includes individuals that the 2012/2013 Insureds claim are independent contractors for workers compensation purposes.

39. Commerce and Industry Insurance Company reviewed the 2012/2013 Insureds' dispute to the audit and determined that the persons in question could not be excluded from the premium basis as independent contractors because a number of individuals in the same job classification have been treated as employees by workers compensation courts in connection with workers compensation claims made under policies issued to the 2012/2013 Insureds in prior policy years. As such, these persons fall within the class of individuals who could make Commerce and Industry Insurance Company liable under the 2012/2013 Policy and, per the policy language, are properly included in the premium basis.

40. At all times, Commerce and Industry Insurance Company fully performed all of its obligations under the 2012/2013 Policy.

41. Despite repeated demands for payment, the 2012/2013 Insureds have failed and refused, and continue to fail and refuse, to pay the outstanding balance due under the 2012/2013 Policy in the amount of $492,835.

WHEREFORE, with respect to Count II, Plaintiff, Commerce and Industry Insurance Company, demands judgment in its favor, jointly and severally, against the Defendants, Auto Parts Xpress, LLC, Parts Distribution Xpress, Inc., PDX North, Inc. and PDS South, Inc. in the

amount of $492,835, together with prejudgment interest from November 10, 2013 and its costs of suit; such that with respect to Count I, Plaintiff, Commerce and Industry Insurance Company, demands judgment in its favor, jointly and severally, against the Defendants, Parts Distribution Xpress, Inc., PDX North, Inc., and PDX South, Inc., in the amount of $702,548, together with applicable prejudgment interest and costs and, with respect to Count II, Plaintiff, Commerce and Industry Insurance Company, demands judgment in its favor, jointly and severally, against the Defendants, Auto Parts Xpress, LLC, Parts Distribution Xpress, Inc., PDX North, Inc. and PDX South, Inc. in the amount of $492,835, together with applicable prejudgment interest and costs.

FITZPATRICK LENTZ & BUBBA, P.C.

Date: 11/30/16

BY: [signature]

Douglas J. Smillie
Attorney for Plaintiff
4001 Schoolhouse Lane
P.O. Box 219
Center Valley, PA 18034-0219
(610) 797-9000